**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 28 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEPHEN BRIAN TURNER, | No. 15-16265 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-04525-MEJ |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted May 18, 2017
San Francisco, California

Before: BERZON and MURGUIA, Circuit Judges, and MCCALLA,** District Judge.

Stephen Turner appeals the district court's decision affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits and supplemental security income under Titles II and XVI of the Social

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Jon P. McCalla, United States District Judge for the Western District of Tennessee, sitting by designation.

Security Act. The Administrative Law Judge ("ALJ") concluded that Turner had the severe impairments of narcissistic personality disorder and antisocial personality disorder. The ALJ then determined that Turner retained the residual functional capacity ("RFC") to perform "a full range of work at all exertional levels but [] limited to simple repetitive tasks with occasional public contact." The ALJ found that Turner was unable to perform any past relevant work, but could work as a hand packager, janitor, or final inspector of electrical equipment.

We review de novo the district court's order affirming the ALJ's denial of social security benefits. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). The ALJ's decision may be reversed "only if it is not supported by substantial evidence or is based on legal error." *Id.* (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). We affirm.

1. "[W]hen claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Similarly, when an issue is not raised before the district court, it is waived on appeal. *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (per curiam). There are three exceptions to this rule of waiver: (1) where "review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process," (2) where "a new issue arises while appeal is pending because of a change in the law," and (3) where "the issue

2

presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (quoting *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985)).

Because he did not present them to the ALJ or district court and none of the waiver exceptions apply, Turner waived two issues raised on appeal: whether the ALJ erred by (1) failing to evaluate whether the combined effects of Turner's impairments equaled Listing 12.08[1] and (2) failing to account for his exertional impairments in determining Turner's RFC. We may consider the remainder of the issues that Turner failed to raise before the district court because the pertinent factual record has been fully developed, so the issue is purely one of law.

2. The ALJ's opinion concludes that Turner's mental impairments did not meet or medically equal the criteria of Listing 12.07 (Somatoform Disorders), rather than Listing 12.08 (Personality Disorders), an apparent typographical error. Any error, however, was harmless, as the ALJ determined that Turner failed to meet the requirements of Paragraph B of Listing 12.07, which are identical to the requirements of Paragraph B of Listing 12.08, and substantial evidence supports

---

[1] Although Turner has stated throughout these proceedings that his impairments "meet or equal" a listed impairment, he did not offer a theory, based on medical evidence, as to how the combined effects of his impairments equaled Listing 12.08. *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).

3

the ALJ's conclusion that Turner did not meet those requirements. *Compare* 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.07 *with id.* § 12.08.

3. Substantial evidence supports the ALJ's determination of Turner's RFC. The RFC was consistent with the opinion issued by State reviewing psychologist Dr. Heather Barrons, the only medical opinion in the record that addressed Turner's workplace limitations. Though the ALJ failed to mention Dr. Barrons' opinion in his decision, any error was harmless as the ALJ's RFC finding was consistent with her opinion and not contradicted by the opinion of any treating or examining physician. *Cf. Marsh v. Colvin*, 792 F.3d 1170, 1172-73 (9th Cir. 2015) (holding that the ALJ erred by failing to mention the contrary opinion of a treating physician); *Reddick v. Chater*, 157 F.3d 715, 725-27 (9th Cir. 1998) (holding that the ALJ erred by rejecting a treating physician's opinion in favor of opinions issued by non-treating doctors without providing a sufficient rationale).

4. The ALJ also did not err in the hypothetical questions posed to the vocational expert. An RFC determination limiting a claimant to "simple, repetitive tasks" adequately captures limitations in concentration, persistence, or pace where the determination is consistent with the restrictions identified in the medical evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). As the RFC determination was consistent with Dr. Barrons' opinion, the ALJ did not err in posing hypothetical questions to the vocational expert regarding a

claimant with an RFC of "no physical limitations but [] limited to performing only simple, routine, or repetitive tasks with occasional public contact," without separately mentioning Turner's moderate difficulties in concentration, persistence, or pace.

5. The ALJ also did not err in accepting the vocational expert's testimony that Turner could perform jobs with Level 2 reasoning. The RFC determination limiting Turner to "simple, repetitive tasks," which adequately encompasses Turner's moderate difficulties in concentration, persistence, or pace, is compatible with jobs requiring Level 2 reasoning. *See Dictionary of Occupational Titles*, app. C, § III (4th ed. 1991) (defining jobs with Level 2 reasoning as requiring the employee to "carry out detailed but uninvolved written or oral instructions" and "[d]eal with problems involving a few concrete variables in or from standardized situations"); *compare Zavalin v. Colvin*, 778 F.3d 842, 846-47 (9th Cir. 2015) (holding that there was a conflict between an RFC of "simple, routine, or repetitive work" and Level 3 reasoning).

6. The ALJ erred by failing to set forth clear and convincing reasons for his conclusion that Turner's testimony regarding the severity of his symptoms "was not entirely credible." *See Greger*, 464 F.3d at 972. This mistake, however, was harmless, because, as the ALJ noted, even fully crediting Turner's testimony, his statements did not contradict the ALJ's RFC determination.

**AFFIRMED**.